# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| Yoan Henriquez, | : | Chapter 11 |
| Debtor | : | |
| | : | Case No. 20-12166PMM |
| | : | |

## SUBCHAPTER V STATUS REPORT

Date Chapter 13 petition filed:        April 30, 2020

Date of conversion to Subchapter V:    June 24, 2021

Trustee:                               Holly Smith Miller, Esquire

I. Has the debtor attended an initial debtor interview?    ☒ Yes    ☐ No

   **If no, please explain:**

II. Has the Trustee concluded the 341 meeting?    ☐ Yes    ☒ No

   **If no, please explain:**

The initial Section 341 meeting is scheduled to occur on August 10, 2021 at 2:00 pm.

III. Has the debtor filed all post-petition financial reports?    ☒ Yes    ☐ No

Debtor filed his 2020 tax return with the court on June 24, 2021. He also filed an Affidavit under 11 U.S.C. §§1116(1)(B) and 1187(a) on June 25, 2021 in which he swore, under penalty of perjury, that no balance sheet, statement of operations or cash-flow statement has been prepared for his business.

   **If no, please explain:**

IV. Has the debtor filed all monthly operating reports?    ☒Yes    ☐ No

Debtor filed his Initial Monthly Operating Report for the period June 24, 2021 through June 30, 2021 on August 2, 2021. Debtor is in the process of completing his Monthly Operating Report for the month of July 2021, which is due to be filed on August 20, 2021.

**If no, please explain:**

V. Is all relevant insurance in place and current?  ☒ Yes  ☐ No

**If no, please explain:**

VI. Has the debtor filed all applicable tax returns?  ☒ Yes  ☐ No
**If no, please explain:**

VII. Has the debtor paid all taxes entitled to administrative expense priority?  ☐ Yes  ☒ No

**If no, please explain:**

Debtor owes $14,072 for 2019 income taxes ($9370 is owed to the IRS and $4702 is owed to the PA Dept. of Revenue). Debtor was paying these pre-petition tax obligations through his chapter 13 plan and was never delinquent with plan payments. In fact, Debtor remained current with his chapter 13 plan payments through the date his case was converted to subchapter V. Debtor intends to pay the $14,072 2019 income tax obligation through his subchapter V plan.

Debtor also owes $32,042.74 for 2020 income taxes ($25,847.74 is owed to the IRS, $4,697 is owed to the PA Dept of Revenue and $1498 is owed to Lancaster County, PA). Debtor intends to pay the $32,042.74 2020 income tax obligation through his subchapter V plan.

Prior to converting his case to subchapter V, Debtor was not paying his income tax obligations on a quarterly basis which led to a shortfall when his tax obligations came due. Debtor has now set up a quarterly tax payment system and established a debtor-in-possession bank account that is earmarked solely for payment of tax obligations. Debtor will be paying his income taxes on a quarterly basis going forward. This should ensure that all post-conversion tax obligations will be paid as they become due.

VIII. Please detail the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization:

Debtor speaks very little English, but with the assistance of his sister, who speaks English more fluently, Debtor is organizing and analyzing his financial records and affairs and is in the process of calculating his projected disposable income, which will then be used to fund his subchapter V plan.

As stated earlier, Debtor was current with his chapter 13 plan payments at the time his case was converted to subchapter V. In addition, with the exception of his 2020 income tax obligations, Debtor remained current on all post-petition obligations throughout the time his case was pending in chapter 13 and Debtor remains current on all post-petition obligations (with the exception of his 2020 income tax obligations) today.

While two objections to confirmation of Debtor's chapter 13 plan were filed, the objections appear to be minor and resolvable. One objection was filed by Bank of America, the holder of a secured claim, who objected because the plan allegedly did not provide for payment of its claim. A review of the plan, however, reveals that it proposed to pay all holders of secured claims, including Bank of America, outside the plan and in fact, Debtor has been current on all amounts owed to secured creditors post-petition (including Bank of America) and remains current today.

The other objection to confirmation of Debtor's chapter 13 plan was filed by Pingora Loan Servicing, a secured creditor who filed a renewed objection to confirmation of Debtor's chapter 13 plan one day after the motion to convert to subchapter V was filed. Pingora's objection is based on its argument that at the time he filed his chapter 13 petition, Debtor was one month in arrears on a mortgage held by Pingora and that the chapter 13 plan did not provide for payment of this alleged $782.77 pre-petition arrearage. Proposed counsel for Debtor contacted Rebecca Solarz, counsel for Pingora Loan Servicing, and provided her with a mortgage statement Debtor received post-petition that indicates that no pre-petition arrearage was owed to Pingora on this mortgage. Counsel for Pingora advised that she would talk to her client in an attempt to get documentation to support its claim. While proposed counsel for Debtor has not yet heard back from counsel for Pingora, it is expected that the matter with Pingora will be resolved.

The only real problem that surfaced during the time Debtor's case was pending in chapter 13 was the fact that his non-contingent liquidated unsecured claims exceeded the debt limit for chapter 13, which necessitated the conversion to subchapter V.

Since the case was converted to subchapter V, no creditors have contacted Debtor's proposed counsel to raise issues with Debtor's case.

In addition, in an effort to ensure that this case proceeds in a prompt and efficient manner, proposed counsel for Debtor contacted Holly Miller, Esquire, the subchapter V Trustee in this case, to establish a rapport and to ensure that Debtor is taking all steps necessary to move this case forward in a timely manner and propose a consensual confirmable plan.

In conclusion, because:

(1) Debtor was always current with both his chapter 13 plan payments and with his post-petition (non-tax) obligations outside the plan;

(2) Debtor is organizing his books and records and has established a quarterly tax payment system to ensure all post-conversion taxes are paid in a timely manner;

(3) the objections that were filed to Debtor's chapter 13 plan appear to be either resolved or easily resolvable; and

(4) since this case was converted to subchapter V, no creditors have contacted Debtor's proposed counsel to raise issues with Debtor's case,

it is anticipated that Debtor will be able to propose a confirmable consensual subchapter V plan and that he will be able to make all payments as they come due under that plan.

IX. Other relevant information: NONE.

**Note: Debtor must file a plan not later than 90 days after entry of order for relief**, unless the Court extends the deadline upon a finding that extension is "attributable to circumstances for which the debtor should not justly be held accountable." See, 11 U.S.C. § 1189(b).

This status report must be served on the Trustee and all parties in interest.

**Date: 8/3/2021**                                              /s/ Pauline F. Gibble
                                                                **Attorney for Debtor**