United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 20-12166-pmm |
| Yoan Henriquez | Chapter 11 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-4 | User: admin | Page 1 of 2 |
| Date Rcvd: Nov 16, 2021 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 18, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Yoan Henriquez, 1001 Suffolk Drive, Lititz, PA 17543-8270 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 18, 2021         Signature:    /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 16, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| BARRY A. SOLODKY | |
| | on behalf of Debtor Yoan Henriquez BSO@saxtonstump.com  msf@saxtonstump.com;pfg@saxtonstump.com |
| DANIEL P. JONES | |
| | on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper djones@sterneisenberg.com  bkecf@sterneisenberg.com |
| DAVE P. ADAMS | |
| | on behalf of U.S. Trustee United States Trustee dave.p.adams@usdoj.gov |
| HOLLY SMITH MILLER, ESQ. | |
| | hsmiller@gsbblaw.com  chsm11@trustesolutions.net |
| JAMES KEVIN HANEY | |
| | on behalf of Creditor BMO Harris Bank N.A. jhaney@wongfleming.com  spiotrowski@wongfleming.com,sshalloo@wongfleming.com |
| KEVIN P. CALLAHAN | |

| | | |
|---|---|---|
| District/off: 0313-4 | User: admin | Page 2 of 2 |
| Date Rcvd: Nov 16, 2021 | Form ID: pdf900 | Total Noticed: 1 |

on behalf of U.S. Trustee United States Trustee kevin.p.callahan@usdoj.gov

LAUREN MOYER

on behalf of Creditor Pingora Loan Servicing  LLC ecfmail@mwc-law.com

PAUL C. BAMETZREIDER

on behalf of Creditor Jonestown Bank & Trust Co. paulb@reillywolfson.com  edonohue@reillywolfson.com

PAULINE FELICE GIBBLE

on behalf of Debtor Yoan Henriquez pfg@saxtonstump.com

REBECCA ANN SOLARZ

on behalf of Creditor BANK OF AMERICA  N.A. bkgroup@kmllawgroup.com, rsolarz@kmllawgroup.com

REBECCA ANN SOLARZ

on behalf of Creditor Pingora Loan Servicing  LLC bkgroup@kmllawgroup.com, rsolarz@kmllawgroup.com

STEVEN K. EISENBERG

on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper seisenberg@sterneisenberg.com  bkecf@sterneisenberg.com

United States Trustee

USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 13

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:     :     Chapter 11
YOAN HENRIQUEZ,     :     Case No. 20-12166PMM
    Debtor-in-Possession     :

## ORDER CONFIRMING FIRST AMENDED PLAN

UPON MY CONSIDERATION of the First Amended Plan Under Chapter 11 filed by Debtor, Yoan Henriquez ("Debtor"), on November 10, 2021, and upon my finding, after hearing on notice, that the requirements for confirmation under 11 U.S.C. §1191(a) have been satisfied,

IT IS HEREBY ORDERED that the First Amended Plan filed by Debtor on November 10, 2021 is CONFIRMED under 11 U.S.C. §1191(a).

IT IS FURTHER ORDERED that in accordance with 11 U.S.C. § 1183(c)(1), the Subchapter V Trustee's services shall automatically terminate upon substantial consummation of the First Amended Plan.

IT IS FURTHER ORDERED that no later than fourteen (14) days after the First Amended Plan's substantial consummation, the Debtor shall file:

(i)     the notice required under section 1183(c)(2), and

(ii)     a motion for the case to be closed, for the Debtor's discharge, and for a final decree.

A copy of the confirmed First Amended Plan is attached to this Order.

BY THE COURT

Date: **November 15, 2021**     _/s/ Patricia M. Mayer_
    _____
    PATRICIA M. MAYER
    United States Bankruptcy Judge

**Fill in this information to identify the case:**

Debtor Name  Yoan Henriquez

United States Bankruptcy Court for the:  Eastern District of Pennsylvania    (State)

Case number:   20-12166  PMM

☒ Check if this is an amended filing

Official Form 425A

_____

First Amended Plan of Reorganization for Small Business Under Chapter 11          0/20

**Yoan Henriquez's First Amended Plan of Reorganization, Dated 11/10/21**

**Background for Cases Filed Under Subchapter V**

    A. **Description and History of the Debtor's Business**

        The Debtor, Yoan Henriquez ("Debtor"), is an adult individual who operates a business selling jewelry as a sole proprietorship known as Yisel Company. Debtor has operated Yisel Company since 2006. Since its inception, Yisel Company operated in a manner that allowed Debtor to meet all of Yisel Company's financial obligations in a timely manner. Debtor also is the owner of two parcels of residential real property which he leases to two individuals. Debtor owns these two parcels of real property with his wife as tenants by the entireties. The tenants have never been delinquent with rent and Debtor has always operated his residential real estate leasing business in manner that enabled him to meet all of the financial obligations associated with the leased properties in a timely manner.

        In 2016, Debtor decided to start a commercial trucking business. Thereafter, on March 28, 2016, Debtor formed a single member LLC known as Sophia's Truck, LLC to operate the trucking business. In order for Sophia's Truck LLC to obtain financing to purchase trucks and operate its trucking business, Debtor was required to personally guarantee a substantial amount of debt. Unfortunately, Sophia's Truck, LLC was not profitable and Debtor eventually found it impossible to continue its operation. As a result, on May 1, 2020, Sophia's Truck, LLC filed a chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania, docketed to 20-12206PMM. On October 16, 2020, the Chapter 7 Trustee determined that the Sophia's Truck, LLC case was a no-asset case and filed a Report of No Distribution. The bankruptcy court then entered an Order in the Sophia's Truck, LLC case on October 21, 2020 approving the Chapter 7 Trustee's Report of No Distribution, discharging the Chapter 7 Trustee and closing the case.

Debtor Name  Yoan Henriquez                               Case number  20-12166 PMM

Unfortunately, Debtor was left with a substantial amount of personal debt from having personally guaranteed the debt of Sophia's Truck, LLC. On May 4, 2020, Debtor, through prior counsel, filed this bankruptcy case as a chapter 13. As the proofs of claim were filed, it became evident to Debtor's prior counsel that Debtor's unsecured debt substantially exceeded the $419,275 debt limit for chapter 13. Although Debtor was current with his chapter 13 plan payments and with his post-petition obligations, having never missed a payment on any of these obligations, the Chapter 13 Trustee filed a motion to dismiss Debtor's chapter 13 case. Faced with this dilemma, Debtor consulted his present counsel to discuss converting his chapter 13 case to subchapter V of chapter 11. On May 25, 2021, Debtor filed a motion to convert. On June 24, 2021, the court entered an Order granting Debtor's motion to convert his chapter 13 case to subchapter V of chapter 11.

**B.  Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit  A.

**C.  Ability to make future plan payments and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as Exhibit  B.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $90,000.00.

The final Plan payment is expected to be paid on the third anniversary after the effective date of the Plan.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

_____

**Article 1:  Summary**

_____

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay the creditors of Yoan Henriquez (the *Debtor*) from Debtor's disposable income.

This Plan provides for:    0        classes of priority claims;
                          1        class of secured claims;
                          1        class of non-priority unsecured claims; and
                          1        class of equity security holders

Non-priority unsecured creditors holding allowed claims will receive distributions, which the

Official Form 425A        Plan of Reorganization for Small Business Under Chapter 11                    page **2**

**D**ebtor Name  Yoan Henriquez   Case number 20-12166 PMM

proponent of this Plan has valued at approximately 2 cents on the dollar.  This Plan also provides for payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one).**

### Article 2:  Classification of Claims and Interests

| | | | |
|---|---|---|---|
| 2.01 | **Class 1** | 0 | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)). |
| 2.02 | **Class 2** | | Class 2A shall consist of the allowed secured claim of Nationstar Mortgage, LLC, d/b/a Mr. Cooper, which has a valid and properly recorded first priority mortgage lien on 426 Parkwynne Drive, Lancaster, PA 17601.<br><br>Class 2B shall consist of the allowed secured claim of Bank of America, which has a valid security interest in a 2017 Mercedes 450 GLS.<br><br>Class 2C shall consist of the allowed secured claim of Jonestown Bank & Trust Co., which has a valid security interest in a 2017 Yamaha 1800 jet ski. |
| 2.03 | **Class 3** | | All non-priority unsecured claims allowed under § 502 of the Code. |
| 2.04 | **Class 4** | | The interests of the Debtor in property of the estate. |

### Article 3:  Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims and priority tax claims are not in classes. |
| 3.02 | **Administrative expense Claims** | Administrative expense claims shall consist of the allowed claims of the Debtor's court-appointed professionals, along with the Subchapter V Trustee. Each holder of an administrative claim allowed under §503 of the Code must be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |

Official Form 425A    Plan of Reorganization for Small Business Under Chapter 11    page **3**

Debtor Name  Yoan Henriquez                                      Case number 20-12166 PMM

|      |                        |                                                                                                                                                                                                                                                                                                  |
|------|------------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|      |                        | In this case, the Debtor's court-appointed professionals and the Subchapter V Trustee have agreed that they will be paid in monthly installments, pro rata, from the Debtor's disposable income based upon their claims as allowed by the Court starting on the Effective Date of this Plan and continuing each month until paid in full. |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim shall be paid in monthly installments, pro rata, from the Debtor's disposable income, starting in the first month following payment in full of all administrative expense claims and continuing each month until paid in full. Holders of priority tax claims consist of: |

(1)   the Internal Revenue Service, which is owed a priority claim of $30,393.57, as follows: (a) $14.24 as a priority claim for pre-petition interest on 2017 income taxes; (b) $9133.33 as a priority claim for 2019 income taxes; and (b) $21,246 as a priority claim for 2020 income taxes, <u>see</u> IRS amended proof of claim number 3; and

(2)   the Pennsylvania Department of Revenue, which is owed a priority claim of $9399, as follows: (a) $4702 as a priority claim for 2019 income taxes; and (b) $4697 as a priority claim for 2020 income taxes; and

(3)   the County of Lancaster, Pennsylvania, which is owed $1498 as a priority claim for 2020 income taxes.

| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
|------|--------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 3.05 | **Prospective quarterly fees** | Not applicable |

**Article 4:  Treatment of Claims and Interest Under the Plan:**

4.01    **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|-------|------------|-----------|
| Class 1 – **Priority Claims N/A** | __ Impaired<br>__ Unimpaired | Not applicable |
| Class 2 – **Secured Claim of Nationstar Mortgage, LLC** | ___ Impaired<br>**X** Unimpaired | Class 2A shall consist of the allowed secured claim of Nationstar Mortgage, LLC, d/b/a Mr. Cooper ("Nationstar"), which is unimpaired. Nationstar has a valid and properly recorded first priority mortgage lien on 426 Parkwynne Drive, Lancaster, PA 17601. The Debtor will pay |

Official Form 425A    Plan of Reorganization for Small Business Under Chapter 11                                  page **4**

Debtor Name  Yoan Henriquez                                              Case number  20-12166 PMM

|  |  |  |
|---|---|---|
|  |  | Nationstar its regular monthly post-petition mortgage payments (along with any applicable escrow), which are current, as they become due, outside of the plan. Nationstar shall retain its lien. |
|  |  | With respect to the $782.77 pre-petition arrearage that may be owed to Nationstar, the Debtor shall pay same on the Effective Date of this Plan or on the date that the amount of any pre-petition arrearage is determined by the mutual agreement of the parties or by a final court order, whichever shall last occur. |
| **Secured Claim of Bank of America** | __Impaired<br>**X**_Unimpaired | Class 2B shall consist of the allowed secured claim of Bank of America ("BOA"), which is unimpaired. BOA has a valid security interest in a 2017 Mercedes 450 GLS. The Debtor will pay BOA its regular monthly post-petition installment payments, which are current, as they come due, outside of the plan. BOA shall retain its lien. |
| **Secured Claim of Jonestown Bank & Trust Co.** | __Impaired<br>**X**_Unimpaired | Class 2C shall consist of the allowed secured claim of Jonestown Bank & Trust Co. ("Jonestown Bank"), which is unimpaired. Jonestown Bank has a valid security interest in a 2017 Yamaha 1800 jet ski. The Debtor will pay Jonestown Bank its regular monthly post-petition installment payments, which are current, as they come due, outside of the plan. Jonestown Bank shall retain its lien. |
| Class 3 – **Non-priority Unsecured creditors** | **X**_Impaired<br>__Unimpaired | Class 3 are holders of allowed general unsecured claims without priority. Each holder of a Class 3 claim will be paid from the Debtor's disposable income, in cash, upon the later of: (1) the Effective Date of this Plan; (2) the date on which said claim is allowed by a final, non-appealable order; or (3) the beginning of the first month after the following Classes/Claims have been paid in full: (a) Administrative Expense Claims; and (b) Priority Tax Claims; and (c) any pre-petition arrearage claim that is owed to Nationstar, the holder of the secured claim listed as Class 2A.<br>The Debtor estimates the amount to be paid to |

Official Form 425A       Plan of Reorganization for Small Business Under Chapter 11                  page **5**

Debtor Name  Yoan Henriquez                                    Case number 20-12166 PMM

                                                                    holders of Class 3 Claims under this Plan to be $12,628.43, and that holders of Class 3 Claims will receive approximately 1.71% of the amount of their respective allowed claims. This is more than holders of Class 3 Claims will receive in the event this Plan is not confirmed and the Debtor is forced to liquidate under chapter 7, in which case holders of Class 3 Claims will receive $0.

| Class 4 **Interests of Debtor In property of the estate** | __ Impaired<br>**X** Unimpaired | The Debtor will retain his interests in property of the estate. |
|---|---|---|

### Article 5: Allowance and Disallowance of Claims

| 5.01 | **Disputed claim:** | A *disputed claim* is a claim that has not been allowed or disallowed (by a final non-appealable order) and as to which either:<br><br>(i)    a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or<br>(ii)   no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
|---|---|---|
| 5.02 | **Delay of distribution claims** | No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. |
| 5.03 | **Settlement of Disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

### Article 6: Provisions for Executory Contracts and Unexpired Leases

| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes the following unexpired leases as of the Effective Date of this Plan:<br>  (1) Residential Lease dated December 18, 2020 between the Debtor, as Landlord/Lessor, and Maria del Carmen Roque Lopez, as Tenant/Lessee, for the property located at 426 Parkwynne Drive, Lancaster, PA 17601; and<br>  (2) Residential Lease dated April 26, 2021 between the Debtor, as Landlord/Lessor, and Reinier Aguiera Serrano, as Tenant/Lessee for the property located at 928 Wabank St., Lancaster, PA 17603.<br>(b) There are no other executory contracts or unexpired leases in this case, and therefore, this subparagraph (b) is inapplicable.  Except for executory contracts and unexpired leases that have been assumed, |
|---|---|---|

Official Form 425A    Plan of Reorganization for Small Business Under Chapter 11    page **6**

Debtor Name  Yoan Henriquez                                    Case number  20-12166 PMM

and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than ____ days after the date of the order confirming this Plan.

**Article 7:  Means for Implementation of the Plan**

7.01 **Implementation** The Plan shall be funded with the Disposable Income generated by the Debtor's future operations, in accordance with Paragraphs A, B and C, and Articles 3, 4, 5 and 6 of this Plan.  The Debtor projects there shall be sufficient disposable income going forward to meet all Plan payments.

If this Plan is confirmed as a consensual plan under §1191(a), the Debtor's sister, Yisel Henriquez, who is very familiar with the operation of the Debtor's business and the Debtor's financial obligations, shall serve as the disbursing agent for purposes of making payments as they become due under the Plan. Debtor's sister, Yisel Henriquez, will not receive any compensation for serving as the disbursing agent.

If this Plan is confirmed as a non-consensual plan under section 1191(b), the Debtor's sister, Yisel Henriquez, who is very familiar with the operation of the Debtor's business and the Debtor's financial obligations, shall serve as the disbursing agent for purposes of making payments as they become due under the Plan. Debtor's sister, Yisel Henriquez, will not receive any compensation for serving as the disbursing agent.

From and after the Effective Date, the Debtor may, in the ordinary course and without the necessity of any approval by the Bankruptcy Court, pay the reasonable fees and expenses of professional persons thereafter incurred, including without limitation, those fees and expenses incurred in connection with the implementation and consummation of the Plan.

7.02 **Default Provisions**

In the event the Debtor fails to make a monthly payment to any creditor when due under the Plan, the creditor shall immediately notify the Debtor in writing of the outstanding payment. If the Debtor fails to cure the outstanding payment within 30 days of the written notice of non-payment being provided, the creditor may then file a motion with the Bankruptcy Court seeking to compel the subject payment. If the Debtor does not make the payment as directed by the Bankruptcy Court, the Bankruptcy Court may, in its discretion, determine that the Debtor has failed to meet the plan payment obligation and grant such relief as may be permitted under the Bankruptcy Code.

Debtor Name  Yoan Henriquez                              Case number 20-12166 PMM

---

### Article 8:  General Provisions

| | |
|---|---|
| 8.01 **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used but not otherwise defined in this Plan. |
| 8.02 **Effective date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8:05 **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8:06 **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Pennsylvania govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| 8:07 **Corporate governance** | Not applicable. |
| 8:08 Retention of Jurisdiction | The Court shall retain jurisdiction after the confirmation date for the following purposes:<br>(a) To take any action with respect to the subordination, allowance, disallowance, validity, perfection, enforcement or avoidance of claims and liens, including the determination of objections to allowance of claims and amendments to schedules;<br>(b) To classify the claim of any claimant and to reexamine claims which may have been allowed for purposes of voting and to determine any objections that may be filed to a claim; |

Official Form 425A    Plan of Reorganization for Small Business Under Chapter 11                         page **8**

Debtor Name  Yoan Henriquez          Case number 20-12166 PMM

(c) To determine any and all disputes arising under the Plan;
(d) To determine any and all applications for allowance of compensation and reimbursement of expenses;
(e) To determine any motions to reject executory contracts or unexpired leases, and to determine the amount of any claims resulting from the rejection of any such executory contract or unexpired lease pursuant to the Plan;
(f) To determine any and all applications, motions, adversary proceedings and contested and litigated matters pending as of the confirmation date, or filed within 180 days thereafter;
(g) To hear, determine and enforce any causes of action prosecuted by the Debtor pursuant to the Bankruptcy Code;
(h) To modify any provision of the Plan to the full extent permitted by the Bankruptcy Code
(i) To correct any defect, or reconcile any inconsistency in the Plan or in the Confirmation Order as may be necessary to carry out the purposes, intent and effect of the Plan;
(j) To determine such other matters as may be provided for in the Confirmation Order or as may be authorized under any provision of the Bankruptcy Code or otherwise deemed appropriate to accomplish the Plan's intent and purpose;
(k) To grant extensions of any deadlines set in the Plan;
(l) To enforce all provisions of the Plan, including but not limited to, the discharge provisions;
(m) To enter any Order, including injunctions, necessary to enforce the terms of the Plan and the rights and powers of the Debtor under the Bankruptcy Code or the Plan; and
(n) To enter a final Order closing this case.

_____

**Article 9:  Discharge**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt:
    (i)     imposed by this Plan; or
    (ii)    excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Debtor Name  Yoan Henriquez                                                  Case number 20-12166 PMM

If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i)   on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or
(ii)  excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

_____

### Article 10:  Other Provisions

On confirmation, all property of the Debtor and property of the estate shall vest in the Debtor, free and clear of liens, claims and encumbrances, except as provided in this Plan.

Respectfully submitted,

/s/ Yoan Henriquez_____          Yoan Henriquez


/s/ Pauline Felice Gibble_____       Pauline Felice Gibble, Esquire
                                                Saxton & Stump, LLC
                                                280 Granite Run Drive
                                                Suite 300
                                                Lancaster, PA   17601
DATED:  November 10, 2021